UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DEBORAH ANN RAMOS** ) | |
| ) | Case Number |
| **Plaintiff** ) | |
| ) | |
| vs. ) | |
| ) | **CIVIL COMPLAINT** |
| ) | |
| **GC SERVICES, LP** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendant** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Deborah Ann Ramos, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendant and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Deborah Ann Ramos, (hereinafter "Plaintiff"), is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendant, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, as well as violations of New York General Business Laws §349 and §601 and Invasion of Privacy by Intrusion upon Seclusion.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

### III. PARTIES

4. Plaintiff, Deborah Ann Ramos, (hereafter, Plaintiff) is an adult natural person residing at 446 Pelton Avenue, Staten Island, NY 10310. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, GC Services, LP, (hereafter, Defendant) at all times relevant hereto, is and was a limited partnership engaged in the business of collecting debt within the States of New York and Texas and has a principal place of business located at 6330 Gulfton Street, Suite 300, Houston, Texas 77081.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. In or around April, 2013, Plaintiff began receiving constant calls from Defendant looking for payment on an alleged debt said to be owed on a past due Sears credit card account.

8. Plaintiff is said to owe a balance of approximately $16,000.00.

9. From the initial call, Plaintiff informed the Defendant that she would do the best that she could to pay toward the debt, but that she had very little money at the time and could not pay the debt off in full.

10. Defendant's male agent immediately insisted that the Plaintiff borrow the money possibly from the retirement plan offered by her employer.

11. The male agent further pushed for the Plaintiff to take a loan on her home because she needed to find a way to get this debt paid off as soon as possible.

12. Plaintiff informed the Defendant that none of these were an option for her, and that she would have to wait until she had more money before setting up any kind of payment arrangements.

13. At that time, the Plaintiff was warned that if she failed to make payment on this debt that the Defendant would file garnishment papers against her.

14. Despite the Defendant's insistence, the Plaintiff again stated that she could not make payment at this time.

15. Over the next few months, the Defendant continued to call the Plaintiff sometimes several times a day, both to her personal cell phone and to her place of employment.

16. Defendant was told numerous times that the Plaintiff could not receive calls to her place of employment, however, the Defendant continued to call her there.

17. On many such calls to her work, the Plaintiff was asked if she had come up with a way yet to get the money to pay off her debt.

18. In or around June, 2013, Plaintiff was finally able to offer monthly payments of $100.00 to the Defendant toward this alleged debt.

19. Defendant's male agent, who would not identify himself agreed to accept the monthly payments, but only if the Plaintiff turned over her checking account information and allow the payments to be taken automatically.

20. Over the next six (6) months, Defendant withdrew the $100.00 monthly payment with no problem.

21. On or about November 8, 2013, Plaintiff received notice from Defendant's agent, "D. Kemp", demanding that it was now time for the Plaintiff to increase her monthly payments toward this account.

22. On or about that same day, Defendant again began calling the Plaintiff at her place of employment looking for her to increase her monthly payments.

23. Plaintiff states that with each call, she felt strong-armed into offering an amount that she had no way of affording.

24. On or about December 11, 2013, Plaintiff received yet another call to her place of employment from a male agent, who became very angry with the Plaintiff when she informed him that she could not pay more than the $100.00 a month.

25. Defendant replied that they could no longer only accept that small amount and that they could not allow the Plaintiff's account to go on like this.

26. During this same call, Defendant's agent began to yell at the Plaintiff and again demanded more money.

27. Plaintiff states that the agent became so loud that co-workers sitting around her could hear the Plaintiff being scolded over the phone.

28. Plaintiff ended the call.

29. As of the filing of this complaint, the Plaintiff continues to receive constant and continuous collection calls from the Defendant.

30. Plaintiff is embarrassed and fears for her job, due to the increasing calls from the Defendant to her work.

31. Defendant acted in a false, deceptive, misleading and unfair manner by taking action that it stated it would not take for the purpose of coercing Plaintiff to pay the debt.

32. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

33. At all times pertinent hereto, Defendant were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

34. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

35. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

36. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I – FDCPA

37. The above paragraphs are hereby incorporated herein by reference.

38. At all times relevant hereto, Defendant, were attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

39. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| §§ 1692c(a)(3): | At place of employment when knows the employer prohibits such communication |
| §§ 1692d: | Any conduct the natural consequence is to harass, oppress or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged anyone in telephone conversations repeatedly |
| §§ 1692d(6): | Placed telephone calls without disclosing his/her identity |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(4): | Nonpayment of any debt will result in garnishment, seizure or attachment |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against GC Services, for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

   d.   Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of New York General Business Law §349

40.   Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

41.   Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

42.   GBL §349 provides in relevant part as follows:

   (a)   Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

   (g)   This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct inquiry

   (h)   In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover their actual damages or fifty ($50) dollars whichever is greater, or both such actions. The court may, in discretion, increase the award

of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing Plaintiff.

43. As a direct and proximate result of Defendant's deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages

b. Statutory damages

c. An award of reasonable attorney's fees and expenses and cost of suit; and

d. Such additional relief as is deemed just and proper, or that the interest of justice may require.

### COUNT III

### Violations of New York General Business Law §601

44. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

45. Under New York General Business Law §601, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

46. GBL §601 provides in relevant part as follows:

    (a) Communicate with the debtor or any member of his family or household with such frequency or at such unusual hours or in such a manner as can reasonably be expected to abuse or harass the debtor;

    (b) Claim or threaten to enforce a right with knowledge or reason to know that the right does not exist;

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a. Actual damages

    b. Statutory damages

    c. An award of reasonable attorney's fees and expenses and cost of suit; and

    d. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT IV

## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

47. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

49. New York further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated New York state law.

50. The Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

51. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

52. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

53. All acts of the Defendant were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant are subject to punitive damages.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages

b. Statutory damages

c. An award of reasonable attorney's fees and expenses and cost of suit; and

d. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date:  January 15, 2014**

**BY:** */s/Brent F. Vullings*
Brent F. Vullings, Esquire
Vullings Law Group, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
bvullings@vullingslaw.com